Jacquelyn BAILEY, a minor by her mother and next friend, Nadine Bailey, Plaintiff-Respondent,

v.

The AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellant.

No. KCD26130.

Missouri Court of Appeals, Kansas City District.

July 23, 1973.

Robert M. Kroenert, John W. Cowden, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for defendant-appellant.

Bernard Eveloff, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and SHANGLER and SWOFFORD, JJ.

SWOFFORD, Judge.

The appellant issued its Automobile Policy (Auto-Rite) to Nadine Bailey, being Policy No. 30AD111749, wherein it agreed, among other things, to pay reasonable medical expense incurred within one year from the date of an accident for bodily injuries caused by such accident and sustained by the named insured or a relative. By rider designated "Auto-Rite SP–25–Amendment of Medical Expense Coverage", the policy provided:

"*Reimbursement and Trust Agreement.* In the event of payment to any person under the Medical Expense Coverage:

(a) the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; and the Company shall have a lien to the extent of such payment, notice of which may be given to the person or organization causing such bodily injury, his agent, his insurer or a court having jurisdiction in the matter;

(b) such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of such bodily injury;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) such person shall execute and deliver to the Company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision."

This endorsement superseded and was substituted for the second paragraph of Paragraph 14, the subrogation clause in the body of the policy which related to medical expense payments.

Attached to said endorsement "Auto-Rite SP–25" was a form designated "Auto-Rite Medical Expense Statement and Agreement", the pertinent parts of which state:

"To the extent that The AEtna Casualty and Surety Company, in accordance with

the terms of the Medical Expense Coverage provided by the Auto-Rite Policy issued to the above named policyholder, has made or shall hereafter make payment to or for the benefit of the Undersigned on account of medical expense incurred by the Undersigned because of bodily injury to the above named person as the result of the above described accident, the Undersigned

\*　　\*　　\*　　\*　　\*　　\*

(c) agrees to reimburse AEtna Casualty & Surety Company to the extent of such payment immediately upon collection of damages whether by action at law, settlement or otherwise and the undersigned hereby authorizes and directs his attorney to reimburse AEtna Casualty the amount of any such payment which may be made from any amount due the undersigned as his share of any recovery for his bodily injury in the event of a settlement or recovery against any person or organization legally responsible for the bodily injury because of which such payment is or shall be made;

(d) affirms the right of AEtna Casualty and Surety Company in accordance with all of the terms of the Reimbursement and Trust Agreement of the policy to have lien to the extent of such payment notice of which may be given to the person or organization causing such bodily injury, his agent, his insurer or a court having jurisdiction on (sic) the matter.

\*　　\*　　\*　　\*　　\*　　\*"

The parties hereto have stipulated and agreed to facts which together with the exhibits attached thereto may be thus summarized:

The insurance policy containing the above provisions was issued to Nadine Bailey and was in full force and effect on January 9, 1971.

On January 9, 1971, the minor daughter of the insured, Jacquelyn Bailey, plaintiff-respondent herein, was operating a 1964 Ford automobile and was involved in a collision with a motor vehicle driven by Lee Walker and owned by Kansas City Tow Service.

As a result of said collision, Jacquelyn Bailey sustained personal injuries and incurred reasonable and necessary medical expenses in the amount of $574.50.

Aetna was notified of the collision and the injuries and medical expense and requested that the "Auto-Rite Medical Expense Statement and Agreement" above referred to be signed and that such request was refused and such document has never been signed.

Thereupon, Aetna informed the plaintiff and its insured, Nadine Bailey, that payment would not be made under the medical expense provisions of said insurance policy until such document was signed, executed and delivered to the Company and that upon receipt thereof payment of the medical expenses of Jacquelyn Bailey "would be considered."

Jacquelyn Bailey filed suit in the Circuit Court of Jackson County, Missouri against Lee Walker and John A. Solomon d/b/a Kansas City Tow Service Company for damages for personal injuries sustained by her in the collision of January 9, 1971.

Jacquelyn Bailey's suit was compromised and settled for $1200.00 by means of a judgment in the Circuit Court, which judgment was released and satisfied in open court and the net proceeds of $720.-00 paid to the next friend of the plaintiff, Nadine Bailey, which net proceeds were in turn paid to Jacquelyn Bailey. In connection with this settlement, Nadine Bailey, as next friend of Jacquelyn Bailey, a minor executed a release wherein the said Lee Walker and John A. Solomon d/b/a Kansas City Tow Service Company, defendants in said action "and any and all other persons, firms and corporations" were released and forever discharged "from any and

all claims, actions, causes of action and expense" on account of personal injuries to Jacquelyn Bailey by reason of the collision of January 9, 1971.

As a part of such settlement the parents of Jacquelyn Bailey, Nadine and R. D. Bailey, executed a release in consideration of $1000.00, releasing the said Lee Walker and John A. Solomon d/b/a Kansas City Tow Service Company "and all other firms, persons and corporations" and agreed to hold harmless and indemnify said Walker and Solomon "and all other persons, firms and corporations" from any and all claims for expenses, costs or loss of services by reason of the injuries to said Jacquelyn Bailey.

The suit now before us originated in the Magistrate Court, wherein Jacquelyn Bailey, a minor, by her mother and next friend, sought to recover the sum of $574.-50 medical expenses together with statutory penalties for vexatious refusal to pay. Upon the above stipulated facts the court found the issues for the defendant Aetna. The case was appealed to the Circuit Court, which court found the issues for the plaintiff and awarded her a judgment against Aetna in the amount of $574.50 and further found in favor of the defendant Aetna on the issues of vexatious delay. After an unsuccessful motion for a new trial, Aetna appealed to this court.

The appellant raises three grounds for reversal. *First,* it claims that upon the stipulated facts and under the terms of its insurance policy it is entitled to a judgment as a matter of law because the Reimbursement and Trust Agreement contained in the policy and set forth above is a valid policy provision based upon a theory of trust and does not provide for conventional subrogation or assignment; that the plaintiff was required to hold the proceeds of her settlement with the tort-feasors in trust and to reimburse it from this trust fund or that it be permitted to set-off its policy obligation against her recovery of the medi-

cal expense. *Second,* the appellant asserts that plaintiff's refusal to execute the Auto-Rite Expense Statement and Agreement was a material breach of the policy terms and conditions which entitled it to judgment. *Third,* that the general release executed by plaintiff released any claim plaintiff had against it.

The first two points raised by the appellant herein are ruled by the unanimous decision of this court, en banc, handed down contemporaneously with this decision in the case of Stella Jones v. The Aetna Casualty and Surety Company, 497 S.W.2d 809 (Mo.App.). In the *Jones* case, we had before us the identical provisions of appellant's Auto-Rite insurance policy and the exact legal arguments presented here by Aetna. In *Jones,* we held these policy provisions and "trust theory" of appellant were an attempt to transfer or assign a part of plaintiff's right of recovery in tort for personal injuries and were therefore illegal and unenforceable as against the public policy of Missouri, as expressed in Travelers Indemnity Company v. Chumbley, 394 S.W.2d 418 (Mo.App. 1965); Forsthove v. Hardware Dealers Mutual Fire Ins. Co., 416 S.W.2d 208 (Mo.App.1967); and Chuning v. Calvert, 452 S.W.2d 580 (Mo.App.1970). We further held in *Jones* that plaintiff's refusal to sign the proffered "Auto-Rite Medical Expense Statement and Agreement" did not, therefore, constitute a material breach of the terms of the insurance contract.

We adopt and reaffirm our holding in *Jones,* and therefore, appellant's first two points are ruled against it.

The third point raised by appellant, that the plaintiff executed a general release to the tort-feasors and thereby released the appellant from its contractual obligation to pay medical expenses, was not present in the *Jones* case and, therefore, must here be ruled independently of that decision. It is true that Nadine Bailey, as next friend of Jacquelyn Bailey, did execute a Release to the tort-feasors for an expressed consider-

ation of $720.00 (the net proceeds of the $1200.00 settlement) which in terms, released Lee Walker and John A. Solomon d/b/a Kansas City Tow Service Company "and any and all other persons, firms and corporations" for all claims arising from the personal injuries to Jacquelyn Bailey. Jacquelyn Bailey thereupon signed a Receipt *to her mother* and next friend for this sum.

There are a number of reasons why this position of appellant cannot be sustained and we must rule that this Release did not relieve it from its obligation to pay medical expenses under its policy.

■ From a broad legal viewpoint, the applicable principle is that the ultimate test of the effect of a release is the intention of the parties. Lugena v. Hanna, 420 S.W.2d 335 (Mo.1967); Farmer v. Arnold, 371 S.W.2d 265, 269 (Mo.1963); Williams v. Riley, 243 S.W.2d 122 (Mo.App.1951). Aetna was not a party to the litigation giving rise to the Release nor was it privy to the defendant tort-feasors. Its obligation to pay medical expenses to Jacquelyn Bailey was then in dispute and her claim in the litigation was not only against different persons but was also in tort as distinguished from the present claim on contract asserted against Aetna. It would require a degree of judicial agility, of which we are incapable, to read into this Release any intention on the part of plaintiff to release her claim for medical expenses against Aetna under its policy of insurance. The cases cited by appellant which declare the principle that unrestricted general releases ordinarily cover all claims *as between the parties* are inapplicable to the matter before us.

While we do not (and need not) here determine the legality or enforceability of the provisions, the insurance policy in question did purport to give Aetna the right to give notice of its "lien" to any "court having jurisdiction of the matter". It did not do so.

■ But more fundamental and controlling in the posture of this case is the fact that the plaintiff was a minor. Both in its motion for a new trial filed below and in its points and authorities asserted here, the appellant limits its charges of error to the entry of judgment for "the plaintiff" and its points regarding the effect of the settlement and release to those covering the plaintiff's claim in suit No. 747263 against the tort-feasors. Plaintiff was not a party to the insurance contract (although coverage was afforded her for medical expense), she signed no release, and the only way her cause of action in tort could be settled or released was under the mandatory terms of Sections 507.110–507.220, RSMo 1969, V.A.M.S. These provisions of the law were scrupulously followed, including those relating to settlement, Section 507.184 and Section 507.188. The judgment entered by the Circuit Court, after hearing, approved the settlement as to the named tort-feasors (defendants) and the same was satisfied in open court and the judgment released and satisfied. This was the statutory vehicle which disposed of plaintiff Jacquelyn Bailey's claim against the tort-feasors and, indeed, was the only way her claim could be settled. It did not and could not be construed to release the contractual liability of Aetna.

We hold that neither the judgment nor the release discharged the claim under the medical pay provisions of the Auto-Rite policy issued by Aetna.

The judgment below is accordingly affirmed.

All concur.