**Orville RHOADES, Respondent,**

v.

**Dennis Keith COLLETTI, Jr., and Dorris Colletti, Appellants.**

No. 54858.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 24, 1989.

---

1. The individual intervenors subsequently dismissed their appeals, leaving the Village of Dardenne Prairie as the sole appellant.

William F. James, St. Louis, for appellants.

John M. McIlroy, Bowling Green, for respondent.

CRIST, Judge.

Respondent (plaintiff husband) filed his petition for personal injuries sustained in an accident while riding as a passenger in appellants' (defendants) pickup on January 3, 1987. Defendants pled affirmatively, release. A separate trial was had on the release issue pursuant to Rule 66.02. The trial court found in favor of plaintiff husband. We affirm.

Defendants' insurer telephoned plaintiff husband's wife on February 17, 1987, and on one other occasion, regarding settlement. Wife is not a party to this proceeding. In settlement of husband's injuries, wife agreed to accept $1500 plus payment up to $1,000 in additional medical expenses if incurred within six months of the date of an "open-end medical release." Without talking to plaintiff husband, insurer mailed to plaintiff husband and wife a form cover letter, a check for $1500 and a release form.

The form cover letter had boxes to be checked for enclosures. Insurer had checked two boxes (1) Release and Medical Expense Agreement and (2) check $1,500.00. In this form letter was a box for Full and Final Release. This box was not checked. The check was in the sum of $1500, and on the face of the check were the words "Full and Final Settlement of Any and All Claims." The release form was for $1,000.

Plaintiff husband and wife cashed the $1500 check. Plaintiff husband did not intend to settle his case and did not sign the release form. He cashed the $1500 check because his condition became much worse and they needed the money. Medical bills were approximately $5,000. Since the Full and Final Release box was not checked on the cover letter, he did not believe he was releasing his personal injury claim.

■ Plaintiff husband's joint signature with his wife on the check was not a release of his personal injury claim. The documents submitted by the insurance company were confusing, and there was no proof wife was empowered to act as an agent for plaintiff husband. *See Dickey Company, Inc. v. Kanan,* 537 S.W.2d 430, 434[6] (Mo.App.1976). Plaintiff husband did not intend to release his claim and did not believe he was doing so, and the ultimate test of the effect of a release is the intention of the parties. *Bailey v. Aetna Casualty and Surety Company,* 497 S.W. 2d 816, 820[3] (Mo.App.1973). We there-

fore find husband's actions did not result in the release of his personal injury claim.

 As to that part of the order finding the $1500 was made as a partial payment of the medical expenses pursuant to § 490.710, RSMo 1986, we reverse and remand. There was no evidence showing that this advance payment was so made. Wife is not a party to this proceeding, and she did all of the negotiating. The question of wife's interest in and to the $1500 is not before us.

That part of the judgment finding the payment of the $1500 was a partial payment of the medical expenses pursuant to § 490.710 is reversed and remanded. The judgment in all other respects is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.