592 A.2d 794

**Michelle TAYLOR, Appellant,**

**v.**

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided June 3, 1991.

Attarah B. Feenane, Philadelphia, for appellant.

Audrey Greenhall, Philadelphia, for appellee.

Before SMITH and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The appellant, Michelle Taylor (Taylor), was injured while she was a passenger in a police car of the appellee, City of Philadelphia (the City), which collided with another car.

Taylor filed suit against the City and the owner of the other automobile involved. Thereafter this action was settled among the parties. Taylor executed a general release at that time. Subsequently she instituted suit against the City under the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–98. The City in response to the complaint pleaded under new matter the release executed by Taylor. In her reply to the new matter, Taylor significantly did not plead fraud, accident or mistake, but merely stated "that the execution of a general release on July 17, 1989 has no legal effect upon the claim for first-party benefits." (Reply to New Matter, paragraphs 9–19.) The City filed a motion for judgment on the pleadings which was granted by the trial court. The parties agree with the statement in *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 329, 561 A.2d 733, 735 (1989), that,

Parties with possible claims may settle their differences upon such terms as are suitable to them. They may include or exclude terms, conditions and parties as they can agree. In doing so, they may yield, insist or reserve such right as they choose. If one insists that to settle, the matter must end then and forever, as between them, they are at liberty to do so. They may agree for reasons of their own that they will not sue each other or any one for the event in question. However improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.

However, in this instance, Taylor contends that there was no intent on the part of the parties to release the City from liability for first party benefits. Taylor cites as directly on point for this proposition the case of *Sparler v. Fireman's Insurance Co. of Newark*, 360 Pa.Superior Ct. 597, 521 A.2d 433 (1987), *appeal denied*, 518 Pa. 613, 540 A.2d 535 (1988). In that case, the Pennsylvania Superior Court held the general release of a third party tortfeasor did not release the insurance company of the releasing party from its contractual obligation to pay underinsurance benefits.

The Superior Court agreed that written releases are construed according to the rules governing the construction of contracts generally, but normally cover only such matters as can fairly be said to have been within the contemplation of the parties when the release was given. The Superior Court stated, "Although a court will not relieve the parties of the effect of an improvident contract, it must not allow a 'rigid literalness' to be used to create an improvident contract for the parties contrary to their intent". 360 Pa.Superior Ct. at 601, 521 A.2d at 435. In this case the release provided as follows:

> Michelle Taylor do hereby remise, release, and forever discharge the City of Philadelphia, its agents, servants or employees, for any and all liability accrued and hereafter to accrue on account of and from all, and all manner of, actions and causes of action, claims and demands whatsoever in law or equity, especially a claim for personal injuries arising out of an automobile accident on November 10, 1986 at the intersection of 63rd and Jefferson Streets.

(General Release, 7/17/89.)

The Superior Court indicated that a general release of a tortfeasor did not affect the contractual obligation of an insurance carrier to provide underinsurance benefits unless unequivocal language to the contrary was indicated. It recognized that the cause of action against the tortfeasor was separate and distinct in nature and kind from the cause of action in contract against the insurance carrier. The court found support for its decision in two cases, *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo.1983), and *Bailey v. Aetna Casualty Insurance Co.*, 497 S.W.2d 816 (Mo.Ct.App.1973). In *Cingoranelli*, the plaintiff executed a general release in favor of the driver of the automobile in which she was a passenger at the time of a collision. After signing a general release, Cingoranelli filed personal injury claims under Colorado's no fault statute against St. Paul Fire and Marine Insurance Co. The Colorado court stated that the claims against St.

Paul were fundamentally distinct in character from the tort claim against the driver of the automobile and held that the insurance company was liable for those benefits. Of similar import is *Bailey* which held that Aetna Casualty Insurance Co. was liable for medical expenses incurred by the plaintiff under a policy of insurance purchased by her mother. A Missouri court of appeals held that a general release in favor of a third party did not relieve Aetna of this contractual obligation.

In the present case, in contrast to the facts in *Sparler*, the City *was* a party to the release, engaged in the negotiations leading up to it, and paid consideration to be released from all obligations. We believe that the rationale of *Sparler* is not applicable to the facts in this case and that the parol evidence rule in the absence of allegation of fraud, accident or mutual mistake prohibits acceptance of any argument that the parties intended not to release one another. *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791 (1924); *Bokser v. Lewis*, 383 Pa. 507, 119 A.2d 67 (1956).

Accordingly, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

### ORDER

NOW, June 3, 1991, the order of the Court of Common Pleas of Philadelphia County, at No. 4308 August Term 1989, dated February 1, 1990, is hereby affirmed.

BYER, Judge, dissenting.

I cannot join the majority in holding that a general release executed by the plaintiff as part of the settlement of her tort action also, as a matter of law, released her claim for no-fault benefits under circumstances where the defendant in the tort action also is the applicable provider of no-fault benefits.

It is a very rare situation where the defendant in the tort action also is the applicable provider of no-fault benefits. It

would be very surprising if the parties at the time of the general release actually contemplated the impact of the release on plaintiff's ability to recover no-fault benefits. It is almost inconceivable that plaintiff could have intended to release her right to recover no-fault benefits when she settled her tort action, and it is doubtful that the defendant actually attempted to procure such a result by settling the tort action.

In *Sparler v. Fireman's Insurance Co.*, 360 Pa.Superior Ct. 597, 521 A.2d 433 (1987), *appeal denied*, 518 Pa. 613, 540 A.2d 535 (1988), the Superior Court accurately summarized the law regarding general releases in Pennsylvania. As held in *Sparler:* the intention of the parties in entering into the release is the critical concern; the words of the release should not be construed to extend beyond the express consideration for the release; and the release must not be interpreted to provide a benefit for which the defendant paid no separate consideration and which was beyond the intent of the parties.

I think that is precisely the situation involved in this case. Courts generally hold that the release of a tort claim does not constitute a release of personally injury protection benefits under a no-fault statute. *See Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo. 1983); Annotation, 39 A.L.R.4th 378 (1985) (collecting cases). Although the majority emphasizes the fact that the defendant in the tort action also is the provider of no-fault benefits in this case, I do not believe that is a distinguishing situation which weakens plaintiff's case; I believe it strengthens the plaintiff's case, because it demonstrates that this is a rare situation and bolsters the obvious inference that the release of no-fault benefits was beyond the contemplation of the parties when they entered into the original release.

I can discern no basis for holding that plaintiff's release of her tort claim also constitutes a release of what essentially is a contract claim of a wholly different nature. The no-fault statute demonstrates a strong public interest in favor

of providing economic loss benefits such as those claimed by plaintiff in this case. We do violence to that policy by holding that a release of a separate tort claim works a release of a claim for no-fault benefits in the absence of an express provision in the release indicating that the parties had such an intention.

At a minimum, the overriding question of the parties' intent creates a question of material fact which should have precluded judgment on the pleadings.

Therefore, I respectfully dissent.