## Reinhardt v. Birnbaum

C.P. of Monroe County, no. 6681 Civil 1997.

*Kevin J. Dempsey,* for plaintiff.
*John R. O'Rourke Jr.,* for defendant.

WALLACH MILLER, *J.,* December 21, 1998—James Calvin Reinhardt, the 23-year-old son of plaintiffs, Joseph and Mary Jane Reinhardt, died on November 25, 1995 in a fire that occurred in a second story apartment they leased located at 1080 West Main Street, Stroudsburg, Monroe County. Plaintiffs have filed a wrongful death and survival action against the defendants, Wayne and Michele Birnbaum, landlords, in an effort to recover for their son's death.

The landlords have now filed a motion for summary judgment asserting two arguments. First, they point to the hold harmless clause of the lease between the parties alleging it was the decedent's own negligence that caused his untimely death, in that a certified fire investigator found that the origin of the fire was a frayed extension cord which decedent, a 300-pound man, had strung between his mattress and box spring. Defendants alternatively argue that a release signed by the plaintiffs exonerates them from these claims.

Summary judgment is only properly granted in those cases where the right to such a judgment is clear and there are no material facts at issue. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989). A material fact is one which affects the outcome of the case, *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991), and all doubts as to

the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). In other words, we must examine the record in the light most favorable to the non-moving party. *Ducjai v. Dennis,* 431 Pa. Super. 366, 636 A.2d 1130 (1994).

The landlords first contend that the hold harmless clause in the lease between them and the plaintiffs should excuse the claims asserted against them. Conversely, the plaintiffs argue this clause is unenforceable because it violates public policy.

The hold harmless clause in the lease reads in pertinent part:

"Lessee agrees to indemnify and hold lessor in the property of lessor, including said premises and the building free and harmless from any and all liability, claims, loss, indemnities, or expenses . . . caused or allegedly caused by . . . the fault of lessee, or some act or omission, whether or not negligent or intentional, of lessee . . . ."

The test used to determine the enforceability of hold harmless clauses is the same one used for exculpatory clauses, although their effect is different. *Dilks v. Flohr Chevrolet,* 411 Pa. 425, 192 A.2d 682 (1963). Three conditions must be met. The clauses must not contravene public policy, the contract, between the parties must relate to their private affairs, and each party must be a free bargaining agent to the agreement. *Valhal Corp. v. Sullivan Associates Inc.,* 44 F.3d 195 (3d Cir. 1995); see also, *Topp Copy Products Inc. v. Singletary,* 533 Pa. 468, 626 A.2d 98 (1993). The plaintiffs argue that this clause is against public policy.

Assuming arguendo that the faulty extension cord was the cause of the fire, the landlords seek to be held free and harmless from any liability based on the decedent's negligence. Plaintiffs argue this clause should fail because there were no smoke detectors in the apartment on the day of the fire, thus violating certain legislative laws. They rely on violations of section 919.3.2 of the Building Officials and Code Administrators Code and 36 P.S. §1223.2 both pertaining to the installation of fire detection devices.

We are constrained to deny summary judgment at this time. It is important to note that there is conflicting deposition testimony on whether there were smoke detectors, if ever, in the entire building before the fire occurred. Whether such smoke detectors were at all installed, or they were once installed but later removed by the tenants, is a genuine issue of material fact and a proper issue for the jury to sort out. See *Marks, supra.*

The next issue before this court is whether a release signed by the decedent's parents absolves the landlords from any claims or liability made against them.

The release reads:

"This cancels the lease made March 5, 1991 between Ro-Jo Realty lessors and present owners Wayne and Michele Birnbaum and Joseph and Mary Reinhardt lessees of 1080 rear W. Main St. 2nd Floor Stbg. Pa. This payment is payment in full in the amount of $233. This releases both parties from any claims past, present, or future."

Releases cover only matters that are within the contemplation of the parties when the release was given.

*Taylor v. City of Philadelphia,* 140 Pa. Commw. 264, 592 A.2d 794 (1991); *Sparler v. Fireman's Insurance Co. of Newark, N.J.,* 360 Pa. Super. 597, 521 A.2d 433 (1987). The intention of the parties is paramount. *General Mills Inc. v. Snavely,* 203 Pa. Super. 162, 199 A.2d 540 (1964), and "the words of a release 'should not be construed to extend beyond the express consideration mentioned so as to make a release for the parties which they never intended or contemplated.' " *Sparler, supra* at 601, 521 A.2d at 435.

The plaintiffs and the manager of the leased premises, Carla Tanner, entered into this handwritten agreement that plaintiffs claim is nothing more than a cancellation of the lease so the plaintiffs could secure their security deposit. The document itself lacks an exact date as to when the agreement was signed, but plaintiff, Mr. Reinhardt, agreed in his deposition that this agreement was signed after the fire occurred.

The defendants would have us interpret this handwritten release as one that prevents the plaintiffs from pursuing any causes of action against them. Their argument, that it was the intention of the plaintiffs to release all claims other than to retrieve their security deposit, is a factual question best left for a jury.

Accordingly, we enter the following order.

## ORDER

And now, December 21, 1998, defendants' motion for summary judgment is denied.