Greco, P.J.
In May of 2009, the plaintiff, Sherry-Ann Baum (“Baum”), brought an action against Norfolk & Dedham Insurance Co. (“Norfolk”) seeking damages, costs, interest, and attorney’s fees pursuant to G.L.c. 90, §34M, c. 93A, and c. 176D, all based on Norfolk’s failure to pay her personal injury protection (“PIP”) benefits claim arising out of an accident in which she was injured as a pedestrian. Norfolk was the PIP insurer of the automobile involved in the accident. Early in 2010, a motion for summary judgment filed by Norfolk was heard and denied. In that motion, Norfolk argued that Baum was not entitled to any PIP benefits because she was not a pedestrian “struck” by the car driven by its insured.[2] The case was tried in June, 2010. The parties presented the trial judge with a document captioned “STIPULATED FACTS,” in the introductory paragraph of which it was stated that the “intent of the parties is to submit this matter to the Court for trial on a fully stipulated record.”
The facts as stipulated are the following:
On August 7, 2004, Baum was standing in a yard on Water Street in Newburyport, when a motor vehicle operated by Jean Huber ... traveled from the street onto the adjacent sidewalk. ... Baum claims that she was *171 injured as a result of leaping out of the way of Huber’s oncoming vehicle. ... Baum states that she [heard] a big noise, while her back was toward the roadway. She later learned that the noise was the Huber vehicle striking a utility pole. After hearing the noise, she took a step or two to her left and then leapt out of the way. She then saw the Huber vehicle travel into the area where she had been standing. Baum was never actually struck by Huber’s vehicle. As a result of the accident,... Baum incurred no less than $2000 of medical bills which were causally related to her injury.
It was further agreed that Baum was covered by her own health insurance policy, and that Huber’s vehicle was insured under a standard Massachusetts automobile policy issued by Norfolk, which provided that PIP benefits would be paid to “[a]ny pedestrian ... if struck by your auto in Massachusetts.” The policy defined a pedestrian to include “anyone incurring bodily injury as a result of being struck by an auto in an accident and who is not occupying an auto at the time of the accident.” After being denied by her own automobile insurer, Baum submitted her claim to Norfolk. In denying the claim on May 24, 2005, Norfolk’s claim service representative noted that the Newburyport police report indicated that Baum “was injured while running to avoid being struck by vehicle,” and that since she was not actually struck, the above provision precluded coverage.
On April 26, 2006, Baum filed a complaint in the Essex Superior Court with a count against Huber for negligence and a count against Norfolk[3] under G.L.c. 93A for its failure “to make a reasonable and timely offer to settle.” No reference was made to PIP benefits. The Superior Court case was settled, with Baum receiving $65,000.00. In consideration of that payment, on January 23,2008, Baum “release [d] and forever discharge^]” Huber and Norfolk from all claims that she had or might have “arising from or by reason of act at or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss of consortium and any and all consequential injuries and damages which have resulted and may result from the accident that incurred on or about August 7,2004 at or near 269 Water Street, Newburyport, Massachusetts,” as more fully set out “in a Complaint filed in the Essex Superior Court.” In this release, Baum agreed to hold Huber and Norfolk harmless “against loss from any and every claim or demand of every kind and character, which may be asserted by reason of occurrence, and/or damages or the effects or consequences thereof’ (emphasis supplied). Subsequently, the parties filed a “stipulation of dismissal with prejudice” in the Superior Court matter.
Despite the above release, the complaint that is the subject of this appeal was filed in the Newburyport District Court on April 21,2009. In that complaint, Baum sought $8,000.00[4] in PIP benefits for medical bills incurred by her as a result of the accident *172 on August 7, 2004 — the same accident described above involving Huber — along with costs, attorney’s fees, and multiple damages pursuant to G.L.c. 90, §34M, c. 93A and c. 176D. An accompanying exhibit to the complaint listed medical bills totaling $66,470.58 for services provided from August 7,2004 to October 11,2005, along with a bill for $450.00 for services in November, 2007. These services were all provided before the release discussed above.
Based on the parties’ stipulation, and after hearing counsel in argument, the trial judge denied Norfolk’s motions for dismissal, summary judgment, and a directed verdict as to the issues of whether Baum had been “struck” and whether the claims had been improperly split. The court found, however, that the release signed by Baum “preclude [d] a separate PIP claim,” and ordered judgment for Norfolk. Both parties have appealed. Baum has appealed the judgment for Norfolk to the extent that it was based upon the release. Norfolk has appealed on the grounds that the court erred in finding that PIP benefits were available to a pedestrian who was not physically struck, and in finding that the PIP claim was not required to be brought as part of the 2006 Superior Court action.[5] We will first consider the basis of Baum’s appeal.
While Baum brought her Superior Court action against both Huber and Norfolk, these parties were not alleged to be joint tortfeasors in the sense that their negligence combined to cause her injuries. Since Huber was alleged to have caused the accident, the count against her was a typical tort action. The count against Norfolk was brought under G.L.c. 93A for its failure, as Huber’s insurer, to make a reasonable and timely settlement offer as to Baum’s damages arising out of the accident. Relief sought under “c. 93A is ‘sui generis.’ It is neither wholly tortious nor wholly contractual in nature....” Kattar v. Demoulas, 433 Mass. 1, 12 (2000). The subsequent Newburyport action was brought under G.L.c. 90, §34M and, thus, was wholly contractual in nature. Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 331 (1995). Norfolk argues that Baum’s release signed in 2008 resolving the Superior Court action precluded the subsequent PIP claim. As the trial judge noted, “[n]o extrinsic evidence ... [was] presented at trial as to what the parties may have intended regarding the scope of the release. Nor did Baum offer expert testimony on the value of her tort suit to demonstrate that the PIP claim could not have been included in the settlement amount.”
In Galena v. Commerce Ins. Co., 2001 Mass. App. Div. 222, an action brought by the health care provider who had treated the insured, the insured party “in effect released everybody in the world from any claim arising out of [the] accident.” Id. at 223. We concluded, however, that the PIP claim was not released because the insured party had assigned his PIP claim to the provider before he signed the release. Thus, at the time of the release, the “claim was not his to release.” Id. By way of dictum, we went on in Galena to “agree with those jurisdictions that have held that ‘an automobile accident victim’s general release of a tortfeasor, in the absence of a specific provision which unequivocally includes PIP claims within the terms of *173 the release, does not operate to release an automobile insurer from its obligation to pay PIP benefits to the injured victim.’” Id. at 224, quoting Cingoranelli v. St. Paul Fire & Marine Ins. Co., 658 P.2d 863, 869 (Colo. 1983). We also noted in Galena that the First Circuit Court of Appeals had concluded that “a general release would not, under Massachusetts law, operate to release a joint contractual obligor.” Id. at 225, citing Hermes Automation Tech. v. Hyundai Elec. Indus. Co., Ltd., 915 F.2d 739, 745-746 (1st Cir. 1990). Notwithstanding this discussion in Galena, we agree with the conclusion reached by the trial judge that “Baum’s release can only be interpreted as including the PIP claim” set out in the Newburyport complaint.
The release was broadly written. All “actions and causes of actions” were released. Unlike the situation in Cingoranelli,[6] Norfolk was one of the named parties being released. Indeed, Norfolk was sued in both cases in its capacity as Huber’s automobile insurer. Moreover, the release specifically referenced causes of action under G.L.c. 93A and c. 176D, both of which were the grounds set out in Count 4 of the District Court action. Finally, the damages sought in the Superior Court included the very bills sought to be recovered in the District Court, and there was no evidence concerning the amount of damages involved from which it could be inferred that the settlement could not have included the PIP benefits sought in the District Court. So what we have here is an injured party suing the alleged tortfeasor and adding a count against the tortfeasor’s automobile insurer for not paying her medical bills quickly enough. Then, three years after the original suit and a year after that matter had been settled and the insurer released from any liability, the plaintiff brought another action to collect as damages the moneys alleged to have been due in the prior action. In Bailey v. Aetna Cas. & Sur. Co., 497 S.W.2d 816 (Mo. App. 1973), cited in Galena, supra at 224, the court thought that “ [i]t would require a degree of judicial agility, of which [it was] incapable, to read into [the] release any intention on the part of the plaintiff to release her claim for medical expenses” under an insurance policy. Bailey, supra at 820. No such agility is required in this case. See also Eck v. Godbout, 444 Mass. 724 (2005), cited by the Appellate Division, Southern District, in Sullivan v. Commerce Ins. Co., 2011 Mass. App. Div. 148 (No. 10-ADMS-40023, issued June 17, 2011).
Accordingly, the judgment of the trial court is affirmed.[7]
So ordered.

 In denying the motion, the motion judge, who was also ultimately the trial judge, stated that “in light of the intended purpose of the Massachusetts no-fault law, a pedestrian who is injured while escaping an oncoming insured vehicle is entitled to PIP benefits as a pedestrian ‘struck’ by that vehicle. Otherwise, in order to become eligible for PIP, the pedestrian, rather than jumping clear and mitigating her damages, would have to stand fast, suffer the blow, and, if she survives, face a regular civil action and even risk the possible diminution or outright elimination of recovery against the tortfeasor under the comparative negligence rules, G.L c. 231, §85 — but her PIP claim would be preserved.... [T]he end result is not just unreasonable. It is perverse.”

 In the record before us, the insurance company is variously identified as The Norfolk & Dedham Insurance Co., The Norfolk & Dedham Group, and The Norfolk & Dedham Mutual Fire Insurance Company. We conclude, however, that these are one and the same entity.

 While $8,000.00 was sought in the complaint, the stipulation of the parties indicates that only $2,000.00 was allegedly due.

 Where a party prevailed at trial, it “may present on appeal any ground which was previously asserted below in support of the judgment.” Boston Edison Co. v. Boston Redevelopment Auth., 374 Mass. 37, 43 (1977).

 In Cingoranelli, the plaintiff was a passenger in an automobile (insured by St. Paul Insurance Co.), which was struck by another automobile (insured by Travelers Insurance Co.). She brought tort claims against the driver of the automobile she was in and the driver of the other automobile involved in the collision. She then settled her tort claim against the driver of the other automobile, recovering the limit of that driver’s policy with Travelers, and settled her claim against the driver of the vehicle in which she was riding. Subsequently, she brought PIP claims against St. Paul. Id. at 864-865.

 We need not address, therefore, the fallback positions asserted by Norfolk in its cross appeal.